# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

No. 14-51300
Summary Calendar

United States Court of Appeals
Fifth Circuit

**FILED**

September 9, 2015

Lyle W. Cayce
Clerk

UNITED STATES OF AMERICA,

Plaintiff-Appellee

v.

JEFFREY WADE ROBERSON,

Defendant-Appellant

Appeal from the United States District Court
for the Western District of Texas
USDC No. 7:08-CR-73-4

Before WIENER, HIGGINSON, and COSTA, Circuit Judges.

PER CURIAM:[*]

Jeffrey Wade Roberson appeals the revocation of his supervised release. Roberson argues that the evidence was insufficient to prove that he violated the conditions of his supervised release by failing to support his dependents and by associating with three felons.

A district court may revoke a term of supervised release upon a finding, by a preponderance of the evidence, that the defendant violated a condition of

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

No. 14-51300

supervised release. 18 U.S.C. § 3583(e)(3); *United States v. Hinson*, 429 F.3d 114, 118-19 (5th Cir. 2005). We review the district court's decision to revoke supervised release for an abuse of discretion. *United States v. Grandlund*, 71 F.3d 507, 509 (5th Cir. 1995).

At the revocation hearing, Roberson's probation officer testified that Roberson failed to pay child support with wages that he earned while working for his father. Defense counsel and Roberson conceded that fact. Therefore, the district court's determination that Roberson violated his conditions of supervised release by failing to pay child support to his dependents was adequately supported by the record and justifies the revocation. *See Hinson*, 429 F.3d at 118-19; *Grandlund,* 71 F.3d at 509. Because there is an adequate basis for the district court's revocation based on Roberson's failure to support his dependents, we need not address his argument regarding the sufficiency of the evidence as to the allegation regarding his associating with felons. *See United States v. McCormick*, 54 F.3d 214, 219 n.3 (5th Cir. 1995).

The judgment of the district court is AFFIRMED.